# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
## No. 19-1625V
UNPUBLISHED

| | |
|---|---|
| JENNIFER JOHNSON, | Chief Special Master Corcoran |
| Petitioner, | Filed: August 10, 2021 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit (SPU); Dismissal; Insufficient Proof; Failure to Follow Court Orders; Failure to Prosecute; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |
| Respondent. | |

*Paul R. Brazil, Muller Brazil, LLP, Dresher, PA, Chicago, IL, for Petitioner.*

*Ronalda Elnetta Kosh, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION DISMISSING CASE[1]

On October 17, 2019, Jennifer Johnson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that that she suffered left shoulder injuries caused in fact by an influenza vaccine she received on January 10, 2018. Petition at 1, ¶¶ 2, 9. The case was assigned to the Special Processing Unit of the Office of Special Masters.

### I.      Relevant Procedural History

Along with the Petition, Ms. Johnson filed her affidavit and many of the required medical records. Exhibits 1-5; Section 11(c). Following the initial status conference held

---

[1] Because this Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

on January 17, 2020, Petitioner was ordered to file updated medical records and an affidavit regarding her current condition. ECF No. 11.

Over the subsequent one-year period, Petitioner requested and was granted additional time to file records on five occasions. ECF Nos. 12-13, 15-17. Then, on February 23, 2021, Petitioner filed a motion to stay the case. ECF No. 19. In the motion, Petitioner's counsel indicated that he had been unable to contact Petitioner since January 2020. He further indicated that he had sent certified mail to Petitioner on numerous occasions, but received the certified receipt with "COVID" written in the signature line. *Id.* I allowed a 30-day stay and scheduled a call for March 23, 2021. ECF No. 20; Non-pdf Status Conference Order, issued Mar. 4, 2021.

During the call, the parties discussed Petitioner's unresponsiveness, the current stay in the case, and the status of the review of the claim. *See* Scheduling Order, issued Mar. 23, 2021, ECF No. 21. Respondent's counsel confirmed that the HHS review had been conducted and additional medical records requested. *See id.* Thus, the case clearly could not process unless Petitioner responded to her attorney and aided the process of obtaining the missing/unfiled records. In particular, updated HIPPA releases were needed from Petitioner so the additional medical records could be obtained in the first place. Petitioner's counsel indicated that he could expend further efforts to contact Petitioner such as hiring a private investigator or other individual who could speak to Petitioner directly, and I noted that under the circumstances I would approve that cost. *See id.*

I then lifted the stay and allowed Petitioner's counsel 60 additional days to determined Petitioner's current circumstances. *Id.* On May 25, 2021, Petitioner's counsel filed a status report indicating he believed Petitioner had received his communications but had not provided any information to counsel.

On June 1, 2021, I issued an Order to Show Cause, instructing Petitioner to communicate with her counsel and file the outstanding medical records identified by Respondent, a detailed affidavit regarding her past and current condition, any updated medical records, a status report if needed to provide further explanation, and another statement of completion, or otherwise show cause why her claim should not be dismissed for failure to prosecute. Order to Show Cause at 2, ECF No. 23. I instructed Petitioner's counsel to provide a copy of the Order to Show Cause to Petitioner by both regular and certified mail. *Id.*

On July 20, 2021, Petitioner's counsel filed a status report, indicating the Order to Show Cause was provided to Petitioner by certified, regular, and electronic mail, but that Petitioner had not contacted counsel. ECF No. 24.

## II.     Failure to Prosecute

It is a petitioner's obligation to follow and respond to orders issued by a special master in a case. The failure to do so – whether on account of attorney error, inaction, or because a petitioner has failed to stay in contact and/or communicate with counsel - is grounds for the claim's dismissal. *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd*, 991 F.2d 810 (Fed. Cir. 1993) (per curiam), ("[c]ontrolling precedent considers dismissal appropriate when failure to act is deemed willful, when it is in violation of court orders, when it is repeated, and when clear warning is given that the sanction will be imposed"); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996) ("[n]ot only did petitioner fail to meet the court's . . . . deadline, but he also ignored the chief special master's 'warning' order, clearly placing petitioner on notice that failure to respond to the court's order . . . , would result in dismissal of the claim. The chief special master clearly did not abuse his discretion in dismissing this case for failure to prosecute"); *see also* Vaccine Rule 21(b) ("[t]he special master or the court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court.").

Petitioner was specifically advised in the June 1, 2021 Order to Show Cause that her failure to follow court orders (and specifically in this case the failure to communicate with her counsel by July 20, 2021) risked dismissal of the claim. Because Petitioner has continued to disregard my orders, without justification or explanation, dismissal is now appropriate.

## III.     Conclusion

Petitioner has failed to communicate with her counsel and to file the medical records required by the Vaccine Act. She has failed to provide the evidence needed to support her claim or respond to my June 1, 2021 Order to Show Cause.

Accordingly, this case is DISMISSED for failure to prosecute. Petitioner's counsel shall provide a copy of this Decision to Petitioner by regular, certified, and electronic mail. The clerk shall enter judgment accordingly.[3]

**IT IS SO ORDERED.**

> **s/Brian H. Corcoran**
> Brian H. Corcoran
> Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.